Opinion by
Mr. Justice Sutton.
This is a dependency action. We shall refer to the parties by name.
Erma Baca, a married woman, filed a petition under C.R.S. ’53, 22-7-1, in the Juvenile Court seeking to establish the dependency of her son Ronnie Lee Martinez, born May 22, 1958, upon Manuel Rios, the alleged father, for support. Both the petition and Erma’s testimony stated that at the time the child was dependent upon the public for support.
Trial was to a jury which on disputed evidence found, the child dependent and Rios to be the father. Rios seeks relief by writ of error from the “judgment” entered on the verdict.
The purported “judgment” which appears in the record is the following:
“IT IS THEREFORE ORDERED BY THE COURT that it is the judgment of this Court that the respondent, Manuel (Tony) Rios, be found to be the father of Ronnie Lee Martinez, also known as Ronnie Lee Rios.”
No judgment of dependency was entered by the trial court which is a prerequisite to establish responsibility against Rios to contribute to the child’s support. Martinez v. Lopez, 153 Colo. 425, 386 P. (2d) 595 (1963). No judgment was ever entered ordering Rios to pay anything for Ronnie’s support. In fact, this record discloses no evidence as to Rios’ ability to contribute any sum to Ronnie’s support so no judgment could have been entered to that effect.
From what has been said it is obvious that the “judgment” entered in this action is one as to paternity only which is barred by the time limitation in C.R.S. ’53, 22-6-6, except when determined as an incident to an action under C.R.S. ’53, 22-7-1 et seq. It follows that there is no judgment in the case against Rios as contem *90 plated under 22-7-3 and the writ of error must be dismissed.
Mr. Chief Justice McWilliams and Mr. Justice Pringle concur.